Colin T. Greene, Esq., (SBN 167380)
RUSSAKOW | RYAN | JOHNSON
A Professional Law Corporation
225 S. Lake Avenue, 10th Floor
Pasadena, California 91101
Telephone:    (626) 683-8869
Facsimile:    (626) 683-8870
Email: cgreene@rrjlaw.com

Attorneys for Defendants,
**GABINO'S JUMP, INC., and JUAN CARLOS ALCANTARA,
erroneously sued ALCANTARO**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANRIO, INC. AND DISNEY ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> GABINO'S JUMP, INC., JUAN CARLOS ALCANTARO AND DOES 1-10, INCLUSIVE, <br><br> Defendants. | CASE NO. CV08-6323 JSL (MANx) <br><br> Honorable J. Spencer Letts <br><br> **NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT UNDER RULE FRCP 60, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS OF COLIN T. GREENE AND JUAN CARLOS ALCANTARA IN SUPPORT THEREOF; PROPOSED ORDER** <br><br> DATE: May 4, 2009 <br> TIME: 1:00 p.m. <br> PLACE: Courtroom 4 |

TO THE COURT, PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday May 4, 2009 at 1:00 p.m., or as soon thereafter as may be heard by the above-entitled Court, located at 312 North Spring Street, Courtroom 4, Los Angeles, California 90012, Defendants GABINO'S JUMP INC., and JUAN CARLOS ALACANTARA (hereinafter "Defendants") will and hereby do move the Court pursuant to Rule

60 of the Federal Rules of Civil Procedure to set aside the default entered against them on January 21, 2009.

Good cause exists for the present motion in that Defendants' failure to timely answer the complaint was due to Defendants' mistake or excusable neglect, pursuant to FRCP Rule 60. Defendants further assert that the court has inherent power to set aside the default under the court's equitable jurisdiction to allow this matter to be decided on the merits. Defendants further assert that they have potentially meritorious defenses to the present action.

This Motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the Declarations of Juan Carlos Alcantara, and upon such other documentary and oral evidence as may be presented at the time of the hearing.

DATED: April 13, 2009

RUSSAKOW | RYAN | JOHNSON
A Professional Law Corporation

By: _____
COLIN T. GREENE, ESQ.
Attorneys for Defendants,
GABINO'S JUMP INC., and JUAN CARLOS ALCANTARA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

Defendant Juan Carlos Alcantara (erroneously sued as Alcantaro), is the owner and operator of Gabino's Jump, Inc., a California corporation in good standing, whose primary business is jumpers for children's parties.

In or about October 2008, Defendants received notice of the present action (Alcantara Declaration attached hereto). Alcantara has never been a part of a lawsuit before (Id.). Alcantara gave the papers to his accountant, who told him he would handle the matter for him (Id.). Alcantara then forgot about the lawsuit until he received additional papers in or about March 2009 (Id.). At that time, Alcantara discussed the matter again with his accountant and decided it was necessary to hire attorneys (Id.).

Defendants present motion is timely and Defendants respectfully request that this Court give them their day in court to defend this case so it can be decided on the merits, rather than as a default.

### II. ARGUMENT: THE LEGAL STANDARD FOR SETTING ASIDE THE DEFAULT FAVORS DEFENDANTS

Federal Rules of Civil Procedure, Rule 55(c), provides:

For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)

FRCP Rule 60 provides:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal

representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of any adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

     In this case the entry of default should be set aside and the case should be decided on the merits because: (1) the degree of prejudice suffered by the Plaintiff from the delay in answering is not significant, however the degree of prejudice to the Defendants would be substantial given the amounts alleged in the complaint; and (2) there are material issues of fact and meritorious defenses in this action.

\ \ \

Notice of Motion and Motion to Set Aside Default - CV08-6323 JSL (MANx)

## III. CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court set aside the default against them, permitting them to defend this action on the merits.

DATED: April 13, 2009

RUSSAKOW | RYAN | JOHNSON
A Professional Law Corporation

By: _____
COLIN T. GREENE, ESQ.
Attorneys for Defendants,
GABINO'S JUMP, INC., and JUAN CARLOS ALCANTARA

# DECLARATION OF COLIN T. GREENE IN SUPPORT OF MOTION TO SET ASIDE DEFAULT

I, COLIN T. GREENE, declare:

1. I am an attorney at law, duly licensed to practice before all the Courts of the State of California and am admitted to practice before the United States Central District Court of California. I am the attorney of record for defendants GABINO JUMP, INC. and JUAN CARLOS ALCANTARA herein. I make this declaration from my own personal knowledge and if called upon to testify to the matters stated herein, could and would comptently do so as stated herein.

2. I have had Electronic filing access for the Central District Court since its first month of availability, having previously been admitted in other jurisdictions.

3. Yesterday, on April 13, 2009, starting at approximately 8:00 p.m., I attempted to e-file the present motion. In February 2009, I changed law firms. Earlier in the day, I obtained what I thought was a valid password to file the present motion on behalf of my new firm. It turned out to be only the PACER login.

4. I attempted to use my password issued to me in the name of my former firm, however, unbeknownst to me, it has apparently been deactivated. I attempted then to contact persons in my new firm who might help get the present motion filed, but was unsuccessful.

5. That is, the motion would have been timely filed yesterday per the Court's order but for my mistake. I submit that this mistake was a result of my excusable neglect, where I have many times personally e-filed documents and never foresaw that I would have any trouble with the present filing. I submit that my client's case should not be jeopardized by my error.

6. I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration is made this 14th day of April 2009 at Pasadena, California.

COLIN T. GREENE, declarant

## DECLARATION OF JUAN CARLOS ALCANTARA

I, JUAN CARLOS ALCANTARA, declare and state as follows:

1. I have personal knowledge of the matters stated herein, and if called as a witness, I could and would competently testify thereto.

2. I am the president of Defendant Corporation GABINO's JUMP, INC., and also a defendant in the foregoing lawsuit.

3. Sometime in late October 2008, I received a Summons and Complaint of the foregoing litigation. As this was my first time being sued, I handed the documents to my accountant, Carlos Salazar, who assured me he would take care of the matter.

4. As the new year started, I completely forgot about the lawsuit, trusting that my accountant would handle the matter at hand.

5. Sometime in March 2009, we received additional documents in the mail pertaining to the foregoing litigation, at which time, I inquired with my accountant Carlos Salazar, who then informed me that he was overwhelmed and was best that I retained an attorney.

6. I immediately contacted several attorneys, and ended up retaining the law firm of RUSSAKOW RYAN & JOHNSON for my defense in the foregoing lawsuit.

7. I submit that my failure to answer the complaint timely is a result of my excusable neglect.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed at Pasadena, California this 13th day of April, 2009.

By:

JUAN CARLOS ALCANTARA, Declarant

Declaration of Alcantara - CV 08-6323 JSL (MANx)

1