J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Nicole L. Drey (SBN 250235)
nicole@coombspc.com
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201

Attorneys for Plaintiffs Sanrio, Inc.
and Disney Enterprises, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sanrio, Inc. and Disney Enterprises, Inc., ) | Case No. CV 08-6323 JSL (MANx) |
| Plaintiffs, ) | OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT; DECLARATION AND EXHIBITS IN SUPPORT |
| v. ) | |
| Gabino's Jump, Inc., Juan Carlos Alcantara and Does 1-10, inclusive, ) | Court:  Hon. J. Spencer Letts |
| Defendants. ) | Date:    May 4, 2009 |
| ) | Time:    1:00 p.m. |

## INTRODUCTION

Defendants fail to meet their burden of proof and offer no admissible or credible evidence in support of their motion to set aside the defaults entered against them. Defendants' willful and persistent acts of infringement, purposeful neglect of the lawsuit, and prejudice to Plaintiff caused by Defendants' disregard of Court orders and Plaintiff's rights, warrants denial of Defendants' motion to set aside entry of default. Defendant Alcantara's claims that he had never been part of a lawsuit before and that he handed the papers to his accountant to handle and subsequently forgot about the lawsuit do not constitute good cause to set aside the defaults entered against Defendants on January 21, 2009.

## STATEMENT OF THE FACTS

On or about February 22, 2008, Plaintiffs' investigators observed numerous counterfeit items at the store belonging to Defendants Gabino's Jump and Juan Carlos Alcantara (erroneously named as Alcantaro) (collectively "Defendants"). *See* Plaintiffs' Notice and Motion for Entry of Default Judgment, Docket No. 10 ("Default Motion"), Declaration of Heather Holdridge ("Holdridge Decl.") at ¶ 5. Plaintiffs' investigators also engaged in a pretext conversation regarding the creation of counterfeit product and subsequently purchased some counterfeit balloons for review by Plaintiffs. Id. at ¶¶ 6-7. On or about February 29, 2008, Plaintiffs' investigators returned to Defendants' store and purchased counterfeit banners that had been created upon their request. Id. at ¶¶ 8-9.

On or about March 17, 2008, Plaintiffs' investigators again returned to Defendants' store and served Defendants with cease and desist materials. Id. at ¶ 10. Defendants surrendered a large amount of counterfeit product, including 11,376 counterfeit Disney balloons, 77 counterfeit Disney banners, 71 counterfeit Disney piggy banks, 864 counterfeit Sanrio balloons, 6 counterfeit Sanrio banners, and 11 counterfeit Sanrio piggy banks. Id.

On or about that same date, March 17, 2008, Defendants' accountant first contacted Plaintiffs, indicating that Defendants would cooperate and comply with the demands of the cease and desist materials. Drey Decl. at ¶ 2. Despite several follow-up attempts and assurances from secretaries that phone calls would be returned, the last communication received from Defendants or their accountant prior to the filing of this litigation occurred on or about May 14, 2008. Id.

On or about September 25, 2008, Plaintiffs filed their Complaint against Defendants. That same day, Defendants' accountant again contacted Plaintiffs and indicated that Defendants would cooperate and provide the disclosures necessary to engage in meaningful settlement discussions. Id. at ¶ 3. Plaintiffs' counsel also specifically communicated to Defendants' accountant that Defendants would be required to file an answer and specified the deadlines based on service or waiver. Id. at Ex. A.

On or about October 29, 2008, Defendants were served with Summons and Complaint. Id. at ¶ 4. Plaintiffs filed the proof of service and sent a copy of the filing to Defendants on or about November 7, 2008. Id.

Throughout the course of November and early December, Plaintiffs communicated with Defendants' accountant regarding the necessary disclosures. On or about November 7, 2008, Defendants' accountant indicated that he would be meeting with Defendants the next day and that they were in the process of organizing the requested disclosures. Id. After a follow-up email, Defendants' accountant claimed he had finalized the accounting on or about November 18, 2008. Id. at ¶ 5, Ex. B. Again, on or about December 3, 2008, Defendants' accountant claimed that he had prepared the requested disclosures and that he would submit the disclosures electronically to Plaintiffs once he had verified with Defendants that he was authorized to do so. Id.

On or about December 9, 2008, Defendants' accountant claimed he would be sending the requested disclosures via PDF files and inquired as to how long it would take for him to receive a response to the disclosures from Plaintiffs. Id. Defendants' accountant was instructed that the timing depended on how quickly Plaintiffs received the requested disclosures. Id. Defendants did not submit the requested disclosures on this date nor any subsequent date and the December 9th email indicating that disclosures were forthcoming was the last communication received from Defendants or their accountant. Id.

On or about January 8, 2009, Plaintiffs emailed Defendants' accountant indicating that none of the requested disclosures had been received. Id. at ¶ 5. On that same date, Plaintiffs mailed to Defendants, with a copy to Defendants' accountant, a letter indicating that Defendants were in technical default and that Plaintiffs would be proceeding with entering the Defendants' defaults. Id.; see also Request for Entry of Default, Docket No. 8, at Ex. A. On or about January 20, 2009, Plaintiffs filed their Request for Entry of Default, a copy of which was sent to Defendants, and on or about January 21, 2009, the Clerk entered Defendants' defaults. Drey Decl. at ¶ 6. On or about January 27, 2009, a Notice of Entry of Default was sent to Defendants. Id.

On or about February 24, 2009, Plaintiffs filed their Default Motion, again a copy of which was sent to Defendants. Id. at ¶ 7. Plaintiffs set their Default Motion for hearing on April 6, 2009. Id.

On or about April 6, 2009, the Clerk notified Plaintiffs that the Default Motion was taken under submission by the Court. Id. at ¶ 8. Plaintiffs contacted Defendants' accountant to notify him that the afternoon's hearing had been taken off calendar. Id. Later that same day, an attorney for Defendants first contacted Plaintiffs. Id.

On or about April 8, 2009, the Court issued a Minute Order reinstating the hearing on Plaintiffs' Default Motion for April 20, 2009, and later moved the hearing to May 4, 2009. Id. at ¶ 9. On or about April 14, 2009, Defendants filed their Notice of Motion and Motion to Set Aside Default Under Rule FRCP 60 ("Defendants' Motion"). Id.

Defendants should not be rewarded for their inexcusable attempts to delay this lawsuit, purposeful violation of Court orders, and misrepresentation of their actions following the notification of this lawsuit. Defendants received numerous notices of the various proceedings in this lawsuit and were given ample time to hire an attorney or otherwise participate in the litigation prior to the entry of their defaults. Accordingly, Defendants' Motion should be denied.

## ARGUMENT

### 1. Defendants Have Provided No Admissible Evidence in Support of Their Motion and Are Further Contradicted by the Record

Defendants have the burden of proof to show why default should be vacated, but Defendants' Motion rests on Alcantara's hearsay declaration and unbelievable statements regarding mistake. Defendants fail to carry their burden as Alcantara makes the following assertions which should be disregarded for the reasons set forth below:

### a. Allegedly, late in October 2008, Alcantara handed his accountant the Summons and Complaint who told Alcantara that he would handle the matter.

Alcantara alleges his accountant, Carlos Salazar, assured him that he would take care of the lawsuit. This statement is inadmissible hearsay. Carlos Salazar did not submit a declaration in support of these statements, and thus the assurances alleged by Alcantara are not admissible.

### b. Allegedly, between late October 2008 and March 2009, Alcantara completely forgot about the pending litigation against him and his corporation.

Alcantara alleges that between late October 2008 when he was served and March 2009 when he received additional papers, he completely forgot about the pending action against him in this Court.  This statement is false, as Alcantara was sent notice of all the filings and proceedings which took place between October 2008 and March 2009.  The notices sent to Alcantara during this time include the Proof of Service sent on or about November 7, 2008, a technical default letter sent on or about January 8, 2009, the Request for Entry of Default sent on or about January 20, 2009, the Notice of Entry of Default sent on or about January 27, 2009, and the Motion for Default Judgment sent on or about February 24, 2009.

It is highly unlikely that Alcantara received none of the notices sent to him between October 2008 and March 2009 and that he only thought to check with his accountant regarding the lawsuit filed against him upon receiving default motion papers several months after first receiving notice.

Further, statements made by Defendants' accountant indicate that Defendants were continuously consulted throughout the litigation.  In an email dated November 7, 2008, Defendants' accountant stated that he was meeting with Defendants the following day to discuss this lawsuit.  Later, in an email dated December 3, 2008, Defendants' accountant stated he had prepared the disclosures and would transmit them after confirming with Defendants that he was authorized to do so in electronic format.  In an email dated December 9, 2008, Defendants' accountant then indicated that the disclosures would be in electronic format, implying that he had received authorization from Defendants.

Finally, this statement also fails to take into account that Plaintiffs had been dealing with Alcantara since March of 2008 when he was personally served with the

cease and desist materials.  Alcantara had been aware of Plaintiffs claims for over a year, received several notices of filings from Plaintiffs, and had been routinely consulted by his accountant, and yet Alcantara claims to have forgotten about the lawsuit.

### c.  Alcantara classifies his failure to timely answer the complaint as "excusable neglect."

If Alcantara is to be believed that he handed the Summons and Complaint to his accountant when he was served on October 29, 2008, and then forgot about the lawsuit, this still does not constitute excusable neglect.  Defendants have offered no authority supporting the proposition that forgetting about a lawsuit, despite several notices of the lawsuit's status, constitutes "excusable neglect."  Neglect is not excusable simply because the Defendants deem it to be.

### 2.  Default Was Properly Entered Against All Defendants and Default Judgment is Proper At This Time

Three factors determine whether a default should be set aside.  They are: 1) whether the defaulting party engaged in culpable conduct that led to the default, 2) whether the defaulting party had a meritorious defense, and 3) whether reopening the default judgment would be prejudicial.  Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., et al., 375 F.3d 922, 926 (9th Cir. 2004).  Any of the three factors can be determinative and the burden is on the party requesting relief from the default.  Id.  Though the Court has the power to set aside a default, Defendants have failed to meet their burden on any factor.

### a.  Defendants' Culpable Conduct

The overwhelming evidence regarding Defendants' knowledge of infringement, knowledge of the lawsuit, and purposeful neglect of the lawsuit, especially Defendants' refusal to answer the Complaint, supports a denial of Defendants' Motion to Set Aside Default.

Defendant Alcantara was personally served with cease and desist materials on or about March 17, 2008, and voluntarily agreed to surrender significant quantities of counterfeit product. Holdridge Decl. at ¶ 10. After attempts to settle their claims without resorting to litigation failed, Plaintiffs filed this action and personally served Defendants on or about October 29, 2008. Drey Decl. at ¶¶ 2-4.

Defendants were well aware of the need to respond to the Complaint. *See* Summons; Request for Entry of Default, Docket No. 8, at Ex. A; Drey Decl. at ¶ 3, Ex. A. Defendants were also well aware of the ongoing and continuing litigation, aside from Plaintiffs' communication with Defendants' accountant. *See* Drey Decl. at Ex. B. Defendants received notice via first class mail of the Proof of Service on or about November 7, 2008, a technical default letter on or about January 8, 2009, a Request for Entry of Default on or about January 20, 2009, a Notice of Entry of Default on or about January 27, 2009, and Plaintiffs' Default Motion on or about February 24, 2009. *See* Id. at ¶¶ 4-7; Request for Entry of Default, Docket No. 8, at Ex. A. Defendants failed to respond.

Further, Defendants' claim that they gave control of the litigation to their accountant shows that Defendants recognized action was needed with regard to the lawsuit. Yet Defendants continually provided empty assurances to Plaintiffs and failed to participate in the lawsuit until hiring an attorney right before the originally scheduled hearing on Plaintiffs' Default Motion. *See* Drey Decl. at ¶¶ 3, 5, 8 & Ex. B. Thus, Defendants' defaults were the result of purposeful neglect and this is such a case where default was proper.

### b. Defendants Provide No Evidence of a Meritorious Defense

Defendants "must present specific facts that would constitute a defense," and though not particularly a heavy burden, a general denial is insufficient. Airea5150, Inc. v. 5150 Customs, et al., 2006 U.S. Dist. LEXIS 4186, **6-7 (D. Ariz. Feb. 1, 2006). Nowhere in Defendants' Motion or Proposed Answer do Defendants present

specific facts that constitute a defense. Defendants simply deny all the claims made by Plaintiffs and claim that there are "material issues of fact and meritorious defenses in this action" without stating what these meritorious defenses might be. Defendants' Motion, at p. 4. Further, Defendants' affirmative defenses listed in its Proposed Answer (e.g., lack of subject matter jurisdiction for a lawsuit arising under a federal statute through Plaintiffs' abandonment of their rigorously enforced copyrights and trademarks) are inapplicable to the current matter and not valid defenses.

### c. **Plaintiffs Are Prejudiced by Defendants' Continued Infringement**

The Defendants' intentional acts of continued infringement and failure to comply with court orders have greatly increased the cost to Plaintiffs, and the Defendants have not offered a single credible fact that mitigates against such a finding. The Defendants have ignored this action and blatantly misrepresented their actions after being served with this lawsuit. This conduct should not be accepted by the Court.

Further, the irreparable harm associated with Defendants' willful infringement is such that further delay in entering a permanent injunction constitutes prejudice.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to set aside the default judgment.

DATED: April 17, 2009  J. Andrew Coombs, A Professional Corp.

By:  J. Andrew Coombs
  Nicole L. Drey
  Attorneys for Sanrio, Inc. and Disney
  Enterprises, Inc.

## DECLARATION OF NICOLE L. DREY

I, NICOLE L. DREY, declare as follows:

1.      I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Central District of California.  I am an attorney for Plaintiffs Sanrio, Inc. ("Sanrio") and Disney Enterprises, Inc. ("Disney") (collectively "Plaintiffs") in an action styled Sanrio, Inc., et al. v. Gabino's Jump, et al.  I make this Declaration in support of Plaintiffs' Opposition to Set Aside Defendants' Defaults.  Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2.      On or about March 17, 2008, I am informed and believe that Defendants Gabino's Jump, Inc. and Juan Carlos Alcantara ("Alcantara") (collectively "Defendants") were served with cease and voluntarily surrendered a significant amount of counterfeit product.  On or about that same date, I am informed and believe that Defendants' accountant first contacted Plaintiffs and indicated that Defendants were willing to cooperate and comply with the demands made in the cease and desist materials.  Despite several follow-up attempts and assurances from secretaries that phone calls would be returned, the last communication received from Defendants or their accountant prior to litigation was on or about May 14, 2008.

3.      On or about September 25, 2008, Plaintiffs filed their complaint against Defendants.  On or about that same date, Defendants' accountant again contacted Plaintiffs claiming Defendants would cooperate and provide the disclosures necessary to engage in meaningful settlement discussions.  Following up on our telephone conversation, I emailed Defendants' accountant and specifically noted the time frames in which Defendants would have to respond to the Complaint.  Attached hereto at Exhibit A is a true and correct copy of the email sent to Defendants' accountant on September 25, 2008.

Sanrio, et al., v. Gabino's Jump, et al.:                  - 10 -
Opposition to Motion to Set Aside
Declaration of Nicole L. Drey

4.    I am informed and believe Defendants were served on October 29, 2008.  I am informed and believe the Proof of Service was filed on November 11, 2008, a copy of which was sent to Defendants.

5.    On or about November 7, 2008, I received an email from Defendants' accountant which indicated that Defendants were in the process of organizing the requested disclosures and that they would be meeting the following night to discuss the lawsuit. After I sent a follow-up email, Defendant's accountant responded again on November 18, 2008, claiming that he had finalized the accounting and would like to meet to discuss.  After requesting that he simply send me the disclosures I requested and explain what he wanted in writing, on or about December 3, 2008, Defendants' accountant replied by email that the disclosures were prepared and that he would submit them electronically upon authorization from Defendants themselves.  On or about December 9, 2008, Defendants' accountant claimed that he would be sending the disclosures via PDF files and inquired as to my response time. I responded that same day that my response time would depend on how quickly I received the disclosures for I was leaving soon for the holidays.  Attached hereto as Exhibit B are true and correct copies of my email correspondence with Defendants' accountant throughout November and December of 2008.  Despite several follow-up attempts, including an email of January 8, 2009, and a technical default letter also sent on January 8, 2009, Defendants never produced any disclosures and ceased communication on December 9, 2008.

6.    On or about January 20, 2009, Plaintiffs filed their Request for Entry of Default Judgment, a copy of which was sent to Defendants.  On or about January 21, 2009, the Clerk entered Defendants' defaults.  On or about January 27, 2009, a Notice of Entry of Default was sent to Defendants.

Sanrio, et al., v. Gabino's Jump, et al.:          - 11 -
Opposition to Motion to Set Aside
Declaration of Nicole L. Drey

7.      On or about February 24, 2009, Plaintiffs filed their Motion for Default Judgment, a copy of which was sent to Defendants.  The hearing was set for April 6, 2009.

8.      On or about April 6, 2009, the Motion for Default Judgment was taken under submission by the Court.  Plaintiffs emailed Defendants' accountant to notify him that the Motion for Default Judgment was taken under submission by the Court. Later, that same day, only hours before the originally scheduled hearing time, Defendants' attorney contacted Plaintiffs.

9.      On or about April 8, 2009, the Court issued a Minute Order reinstating the hearing on Plaintiffs' Default Motion for April 20, 2009 and later moved the date to May 4, 2009.  On or about April 14, 2009, Defendants filed their Notice of Motion and Motion to Set Aside Default Under Rule FRCP 60 ("Defendants' Motion").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of April 2009, in Glendale, California.

_____
NICOLE L. DREY

Sanrio, et al., v. Gabino's Jump, et al.:                - 12 -
Opposition to Motion to Set Aside
Declaration of Nicole L. Drey

# Exhibit A

Page 1 of 1

**Nicole L. Drey**

**From:** Nicole L. Drey [Nicole@coombspc.com]
**Sent:** Thursday, September 25, 2008 4:00 PM
**To:** 'carlos.salazar@eltaxman.com'
**Subject:** Gabino's Jump

Mr. Salazar,

Per our recent phone conversation, I seek the following disclosures in order to engage in meaningful settlement discussions:

1. Supplier/source information or an admission that Gabino's Jump produced the infringing products themselves
2. Sales records, purchase records, receipts, invoices, etc.

Also, as I said, the Complaint and Summons are out for service on Gabino's Jump and Carlos Alcantaro. Are you willing to accept service on their behalf? If so, I can prepare a waiver for signature, which would also give you 60 days to respond to the Complaint rather than the typical 20.

Please advise.

**Nicole L. Drey**
J. Andrew Coombs, A Professional Corporation
517 East Wilson Avenue, Suite 202
Glendale, CA 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

This message contains information that is privileged, confidential and exempt from disclosure under applicable law.  The information is intended for the use of the individual or entity to which it is addressed.  If you are not the intended recipient, or an employee of the recipient, be aware that any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited.  If you have received this electronic message in error, please notify us by calling (818) 500-3200 or by email at info@coombspc.com immediately and delete or destroy all copies of this transmission.

4/16/2009

**Exhibit B**

**Nicole L. Drey**

| | |
|---|---|
| **From:** | Carlos Salazar [carlos.salazar@eltaxman.com] |
| **Sent:** | Friday, November 07, 2008 8:34 AM |
| **To:** | 'Nicole L. Drey' |
| **Subject:** | RE: Gabino's Jump |

Hi Nicole,

I have a meeting with my client tomorrow night and we will discuss these issues. We are working diligently to organize the information for your review and truly wish to finalize this issue ASAP! I look forward to talking to you tomorrow to discuss the issues we face further. Thank you for your patience in this matter.

Sincerely,

Carlos Salazar

---

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Wednesday, November 05, 2008 5:53 PM
**To:** carlos.salazar@eltaxman.com
**Subject:** RE: Gabino's Jump

Mr. Salazar,

I have not heard anything in response to below. I have been trying to work with you all summer, but your communication is seriously lacking. If you do not provide disclosures soon, I will be forced to proceed with default against your clients.

Nicole L. Drey

---

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Thursday, September 25, 2008 4:00 PM
**To:** 'carlos.salazar@eltaxman.com'
**Subject:** Gabino's Jump

Mr. Salazar,

Per our recent phone conversation, I seek the following disclosures in order to engage in meaningful settlement discussions:

1. Supplier/source information or an admission that Gabino's Jump produced the infringing products themselves
2. Sales records, purchase records, receipts, invoices, etc.

Also, as I said, the Complaint and Summons are out for service on Gabino's Jump and Carlos Alcantaro. Are you willing to accept service on their behalf? If so, I can prepare a waiver for signature, which would also give you 60 days to respond to the Complaint rather than the typical 20.

Please advise.

**Nicole L. Drey**
J. Andrew Coombs, A Professional Corporation
517 East Wilson Avenue, Suite 202

4/16/2009

Glendale, CA  91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

This message contains information that is privileged, confidential and exempt from disclosure under applicable law. The information is intended for the use of the individual or entity to which it is addressed. If you are not the intended recipient, or an employee of the recipient, be aware that any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by calling (818) 500-3200 or by email at info@coombspc.com immediately and delete or destroy all copies of this transmission.

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.175 / Virus Database: 270.8.6/1769 - Release Date: 11/5/2008 7:17 AM

4/16/2009

Page 1 of 2

## Nicole L. Drey

**From:**  Carlos Salazar [carlos.salazar@eltaxman.com]
**Sent:**  Tuesday, November 18, 2008 7:07 PM
**To:**  'Nicole L. Drey'
**Subject:** RE: Gabino's Jump

Hi Nicole. We have finalized the accounting for this period. Is it possible to meet to discuss this further? We look forward to presenting you with the accounting.

Carlos

---

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Monday, November 17, 2008 5:31 PM
**To:** 'Carlos Salazar'
**Subject:** RE: Gabino's Jump

Mr. Salazar,

I have not heard anything from you.

Nicole

---

**From:** Carlos Salazar [mailto:carlos.salazar@eltaxman.com]
**Sent:** Friday, November 07, 2008 8:34 AM
**To:** 'Nicole L. Drey'
**Subject:** RE: Gabino's Jump

Hi Nicole,

I have a meeting with my client tomorrow night and we will discuss these issues. We are working diligently to organize the information for your review and truly wish to finalize this issue ASAP! I look forward to talking to you tomorrow to discuss the issues we face further. Thank you for your patience in this matter.

Sincerely,

Carlos Salazar

---

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Wednesday, November 05, 2008 5:53 PM
**To:** carlos.salazar@eltaxman.com
**Subject:** RE: Gabino's Jump

Mr. Salazar,

I have not heard anything in response to below. I have been trying to work with you all summer, but your communication is seriously lacking. If you do not provide disclosures soon, I will be forced to proceed with default against your clients.

Nicole L. Drey

---

4/16/2009

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Thursday, September 25, 2008 4:00 PM
**To:** 'carlos.salazar@eltaxman.com'
**Subject:** Gabino's Jump

Mr. Salazar,

Per our recent phone conversation, I seek the following disclosures in order to engage in meaningful settlement discussions:

1. Supplier/source information or an admission that Gabino's Jump produced the infringing products themselves
2. Sales records, purchase records, receipts, invoices, etc.

Also, as I said, the Complaint and Summons are out for service on Gabino's Jump and Carlos Alcantaro. Are you willing to accept service on their behalf? If so, I can prepare a waiver for signature, which would also give you 60 days to respond to the Complaint rather than the typical 20.

Please advise.

**Nicole L. Drey**
J. Andrew Coombs, A Professional Corporation
517 East Wilson Avenue, Suite 202
Glendale, CA  91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

This message contains information that is privileged, confidential and exempt from disclosure under applicable law.  The information is intended for the use of the individual or entity to which it is addressed.  If you are not the intended recipient, or an employee of the recipient, be aware that any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited.  If you have received this electronic message in error, please notify us by calling (818) 500-3200 or by email at info@coombspc.com immediately and delete and destroy all copies of this transmission.

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.175 / Virus Database: 270.8.6/1769 - Release Date: 11/5/2008 7:17 AM

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.175 / Virus Database: 270.9.4/1795 - Release Date: 11/18/2008 11:23 AM

4/16/2009

Page 1 of 3

## Nicole L. Drey

**From:** Carlos Salazar [carlos.salazar@eltaxman.com]
**Sent:** Wednesday, December 03, 2008 5:08 PM
**To:** 'Nicole L. Drey'
**Subject:** RE: Gabino's Jump

We have the Financial Statements prepared. I would like to confirm with the client if he is ok with me sending these to you electronically. We are hopeful that we can settle this efficiently. I will keep you posted in the next couple of days. If you have any questions, please feel free to call me at 626-664-3776 (cell). Thanks for your patience.

Sinerely,

Carlos A. Salazar, CPA

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Wednesday, December 03, 2008 5:11 PM
**To:** 'Carlos Salazar'
**Subject:** RE: Gabino's Jump

Carlos,

Please just send me copies of what you have. You can explain anything you want in writing.

Unfortunately, I do not have time to meet in person to discuss. I will be leaving the state in about a week for the holidays.

Please try to get me the information as soon as possible as I would like to review before I leave.

Nicole

**From:** Carlos Salazar [mailto:carlos.salazar@eltaxman.com]
**Sent:** Tuesday, November 18, 2008 7:07 PM
**To:** 'Nicole L. Drey'
**Subject:** RE: Gabino's Jump

Hi Nicole. We have finalized the accounting for this period. Is it possible to meet to discuss this further? We look forward to presenting you with the accounting.

Carlos

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Monday, November 17, 2008 5:31 PM
**To:** 'Carlos Salazar'
**Subject:** RE: Gabino's Jump

Mr. Salazar,

I have not heard anything from you.

Nicole

4/16/2009

**From:** Carlos Salazar [mailto:carlos.salazar@eltaxman.com]
**Sent:** Friday, November 07, 2008 8:34 AM
**To:** 'Nicole L. Drey'
**Subject:** RE: Gabino's Jump

Hi Nicole,

I have a meeting with my client tomorrow night and we will discuss these issues. We are working diligently to organize the information for your review and truly wish to finalize this issue ASAP! I look forward to talking to you tomorrow to discuss the issues we face further. Thank you for your patience in this matter.

Sincerely,

Carlos Salazar

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Wednesday, November 05, 2008 5:53 PM
**To:** carlos.salazar@eltaxman.com
**Subject:** RE: Gabino's Jump

Mr. Salazar,

I have not heard anything in response to below. I have been trying to work with you all summer, but your communication is seriously lacking. If you do not provide disclosures soon, I will be forced to proceed with default against your clients.

Nicole L. Drey

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Thursday, September 25, 2008 4:00 PM
**To:** 'carlos.salazar@eltaxman.com'
**Subject:** Gabino's Jump

Mr. Salazar,

Per our recent phone conversation, I seek the following disclosures in order to engage in meaningful settlement discussions:

1. Supplier/source information or an admission that Gabino's Jump produced the infringing products themselves
2. Sales records, purchase records, receipts, invoices, etc.

Also, as I said, the Complaint and Summons are out for service on Gabino's Jump and Carlos Alcantaro. Are you willing to accept service on their behalf? If so, I can prepare a waiver for signature, which would also give you 60 days to respond to the Complaint rather than the typical 20.

Please advise.

**Nicole L. Drey**
J. Andrew Coombs, A Professional Corporation
517 East Wilson Avenue, Suite 202
Glendale, CA  91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

4/16/2009

This message contains information that is privileged, confidential and exempt from disclosure under applicable law. The information is intended for the use of the individual or entity to which it is addressed. If you are not the intended recipient, or an employee of the recipient, be aware that any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited. If you have received this electronic message in error, please notify us by calling (818) 500-3200 or by email at info@coombspc.com immediately and delete or destroy all copies of this transmission.

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.175 / Virus Database: 270.8.6/1769 - Release Date: 11/5/2008 7:17 AM

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.175 / Virus Database: 270.9.4/1795 - Release Date: 11/18/2008 11:23 AM

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.176 / Virus Database: 270.9.13/1826 - Release Date: 12/3/2008 9:34 AM

4/16/2009

**Nicole L. Drey**

| | |
|---|---|
| **From:** | Carlos Salazar [carlos.salazar@eltaxman.com] |
| **Sent:** | Tuesday, December 09, 2008 3:08 PM |
| **To:** | 'Nicole L. Drey' |
| **Subject:** | RE: Gabino's Jump |

Very good. The information will be in PDF format. How soon will we hear from you after sending it to you?

Carlos

---

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Tuesday, December 09, 2008 3:16 PM
**To:** 'Carlos Salazar'
**Subject:** RE: Gabino's Jump

As I told you below, I am not available to meet as I will be out of the state for some time and have a million things to do before I leave. Please just send the information.

---

**From:** Carlos Salazar [mailto:carlos.salazar@eltaxman.com]
**Sent:** Tuesday, December 09, 2008 3:03 PM
**To:** 'Nicole L. Drey'
**Subject:** RE: Gabino's Jump

Hi Nicole,

When are you available to meet?

Carlos

---

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Wednesday, December 03, 2008 5:11 PM
**To:** 'Carlos Salazar'
**Subject:** RE: Gabino's Jump

Carlos,

Please just send me copies of what you have. You can explain anything you want in writing.

Unfortunately, I do not have time to meet in person to discuss. I will be leaving the state in about a week for the holidays.

Please try to get me the information as soon as possible as I would like to review before I leave.

Nicole

---

**From:** Carlos Salazar [mailto:carlos.salazar@eltaxman.com]
**Sent:** Tuesday, November 18, 2008 7:07 PM
**To:** 'Nicole L. Drey'
**Subject:** RE: Gabino's Jump

4/17/2009

Hi Nicole. We have finalized the accounting for this period. Is it possible to meet to discuss this further? We look forward to presenting you with the accounting.

Carlos

---

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Monday, November 17, 2008 5:31 PM
**To:** 'Carlos Salazar'
**Subject:** RE: Gabino's Jump

Mr. Salazar,

I have not heard anything from you.

Nicole

---

**From:** Carlos Salazar [mailto:carlos.salazar@eltaxman.com]
**Sent:** Friday, November 07, 2008 8:34 AM
**To:** 'Nicole L. Drey'
**Subject:** RE: Gabino's Jump

Hi Nicole,

I have a meeting with my client tomorrow night and we will discuss these issues. We are working diligently to organize the information for your review and truly wish to finalize this issue ASAP! I look forward to talking to you tomorrow to discuss the issues we face further. Thank you for your patience in this matter.

Sincerely,

Carlos Salazar

---

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Wednesday, November 05, 2008 5:53 PM
**To:** carlos.salazar@eltaxman.com
**Subject:** RE: Gabino's Jump

Mr. Salazar,

I have not heard anything in response to below. I have been trying to work with you all summer, but your communication is seriously lacking. If you do not provide disclosures soon, I will be forced to proceed with default against your clients.

Nicole L. Drey

---

**From:** Nicole L. Drey [mailto:Nicole@coombspc.com]
**Sent:** Thursday, September 25, 2008 4:00 PM
**To:** 'carlos.salazar@eltaxman.com'
**Subject:** Gabino's Jump

Mr. Salazar,

Per our recent phone conversation, I seek the following disclosures in order to engage in meaningful settlement

4/17/2009

discussions:

1. Supplier/source information or an admission that Gabino's Jump produced the infringing products themselves
2. Sales records, purchase records, receipts, invoices, etc.

Also, as I said, the Complaint and Summons are out for service on Gabino's Jump and Carlos Alcantaro. Are you willing to accept service on their behalf? If so, I can prepare a waiver for signature, which would also give you 60 days to respond to the Complaint rather than the typical 20.

Please advise.

**Nicole L. Drey**
J. Andrew Coombs, A Professional Corporation
517 East Wilson Avenue, Suite 202
Glendale, CA  91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

This message contains information that is privileged, confidential and exempt from disclosure under applicable law.  The information is intended for the use of the individual or entity to which it is addressed.  If you are not the intended recipient, or an employee of the recipient, be aware that any disclosure, copying, distribution or use of the contents of this communication is strictly prohibited.  If you have received this electronic message in error, please notify us by calling (818) 500-3200 or by email at info@coombspc.com immediately and delete or destroy all copies of this transmission.

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.175 / Virus Database: 270.8.6/1769 - Release Date: 11/5/2008 7:17 AM

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.175 / Virus Database: 270.9.4/1795 - Release Date: 11/18/2008 11:23 AM

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.176 / Virus Database: 270.9.13/1826 - Release Date: 12/3/2008 9:34 AM

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.176 / Virus Database: 270.9.15/1839 - Release Date: 12/9/2008 9:59 AM

4/17/2009

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Ave., Suite 202, Glendale, California 91206.

On April 17, 2009, I served on the interested parties in this action with the:

- OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT; DECLARATION AND EXHIBITS IN SUPPORT

for the following civil action:

<u>Sanrio, Inc., et al. v. Gabino's Jump, et al.</u>

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

> Colin T. Greene, Esq.
> RUSSAKOW RYAN JOHNSON
> A Professional Law Corporation
> 225 S. Lake Ave., 10th Floor
> Pasadena, CA 91101

Place of Mailing: Glendale, California
Executed on April 17, 2009, at Glendale, California

_Nicole L. Drey_
Nicole L. Drey